IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WILLIAM LEN EVANS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:26-cv-2537-D (BT) |
| | § | |
| ERIC JOHNSON, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pro se plaintiff William Len Evans filed a civil complaint against the Mayor of Dallas, several government agencies, and several technology companies alleging that Defendants violated various civil and criminal statutes by instituting and administering a "technological mental tap" from the Veterans Administration North Texas Healthcare System to "induce terroristic activity," commit treason, and "interfere[e] and/or interrupt[] established government systems [and] processes, to include local and national elections." Compl. at 7-8. (ECF No. 3).

For the following reasons, the District Judge should dismiss Evans's complaint with prejudice as frivolous.

## Legal Standards

Evans has been granted leave to proceed *in forma pauperis*. As a result, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). Under that statute, a district court may summarily dismiss a complaint filed IFP if it concludes

the action is: (1) frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A district court's authority to dismiss an action that fails to state a claim for relief that is plausible on its face extends to dismissal of "claims that are 'clearly baseless,' including 'claims describing fantastic or delusional scenarios.'" *Starrett v. U.S. Dep't of Def.*, 763 F. App'x 383-84 (5th Cir. 2019) (per curiam), *cert. denied*, 140 S. Ct. 142 (2019) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)).

**Analysis**

A review of Evan's filing reflects that the complaint presents claims and allegations that qualify as clearly baseless, irrational, or wholly incredible, requiring dismissal with prejudice. He seeks $5 billion in damages against government actors and tech companies ranging from the Mayor of Dallas and the Equal Employment Opportunity Commission to Meta Platforms, Inc. related to a

"technological mental tap" that allegedly induced "terroristic activity" and interfered with local and national elections. Compl. at 7-8. The complaint does not include factual allegations that would permit the Court to reasonably infer that any named defendant is liable for a cognizable legal claim. Instead, the allegations are factually frivolous because they are clearly baseless or wholly incredible.

**Leave to Amend**

Ordinarily, a pro se plaintiff should be granted leave to amend his complaint before dismissal, but dismissal is unwarranted when he has already pled his "best case." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009).

Evans has failed to state or suggest a cognizable claim or any facts from which a cognizable claim could be inferred. Based on the most deferential review of the complaint, Evans could probably not allege cogent and viable legal claims if given the chance to amend. Thus, granting leave to amend under these circumstances would be futile and cause needless delay.[1]

**Recommendation**

The District Judge should dismiss William Len Evans's complaint as frivolous.

SO RECOMMENDED.

---

[1] This conclusion is consistent with the disposition of Evans's prior action asserting similar allegations involving a purported "Guantanamo Mental Tap," which was dismissed as frivolous without leave to amend. *See*, *e.g.*, *William Evans v. State of Texas et al.*, No. 3:26-cv-371-X-BN (N.D. Tex. Feb. 18, 2026) (Horan, J.), *rec. accepted* (N.D. Tex. Mar. 23, 2026) (Starr, J.).

August 4, 2026.

HON. R. RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See* *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).